[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The plaintiff has filed a Motion to Strike the pro se appearance of the defendant corporation by its officers, for the reason that the defendant is a corporate entity and said appearance by its officers is improper and void on its face.
Connecticut Practice Book, Section 10-39 titled Motion toStrike states as follows:
 "(a) Whenever any parties wishes to contest (1) the legal sufficiency of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint, or (3) the legal sufficiency of any such complaint, counterclaim, cross complaint, or any count thereof because of the absence of any necessary party, or (4) the joining of two or more causes of action which cannot be properly united in one complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, the party may do so by filing a motion to strike the contested pleading or part thereof."
The plaintiff's Motion to Strike does not fall withinConnecticut Practice Book Sections (a)(1)(2)(3)(4) or (5) and therefore is denied.
Connecticut General Statutes § 33-764 titled "Duties of Officers" states "Each officer has the authority and shall perform the duties set forth in the bylaws, or to the extent consistent with the bylaws, the duties prescribed by the board of directors or by direction of an officer authorized by the board of directors to prescribe the duties of other officers." Connecticut recognizes the right of a party to an action to proceed pro se without engaging the services of an attorney. It has been recognized that a corporate officer has the ability to enter pleas in behalf of a corporation, and to enter into agreements in behalf of a corporation. Admissions by an officer can be admissible against a corporation.
While the appearance filed by the defendant does not indicate that the appearing pro se defendant is an officer of the 3 Brothers Sport Shop, the plaintiff has conceded this point in its Motion to Strike. CT Page 9374
The Court hereby rules that a Motion to Strike does not apply in this matter, and that the defendant corporation is not barred from appearing pro se through one of its officers.
Accordingly, the Motion to Strike is denied.
THE COURT
by ARNOLD, J.